UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE CROWLEY,

    Plaintiff,                                          Hon. Robert J. Jonker

v.                                                             Case No. 1:20-cv-1131

JP MORGAN CHASE & CO., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendants' Motion to Dismiss or to Compel Arbitration (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that: (1) Plaintiff's motion for summary judgment be denied without prejudice and (2) Defendants' motion to dismiss or compel arbitration be granted in part and denied without prejudice in part and this matter stayed pending completion of arbitration.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action on November 20, 2020, against JP Morgan Chase & Co., James Burt, and James Tabor. (ECF No. 1). In her complaint, including the attachments thereto, Plaintiff alleges the following.

-1-

Plaintiff began working for JP Morgan in March 2010, but voluntarily resigned in January 2011. During this time, Plaintiff "received no disciplinary action, nor concerns about performance." Plaintiff resumed employment with JP Morgan in March 2015. Plaintiff received excellent performance reviews in 2015 and 2016. Beginning in late 2016, Plaintiff was approved to take leave under the Family Medical and Leave Act (FMLA) to care for her ailing husband.

In May 2017, James Burt was named manager of the branch bank at which Plaintiff was employed. Shortly thereafter, Burt threatened Plaintiff with "corrective action for absences directly associated with approved FMLA leave." In October 2017, Plaintiff expressed to James Tabor her concerns regarding Burt's behavior. Thereafter, Burt began "to look for reasons to terminate [Plaintiff's] employment for utilizing FMLA leave and alleging discrimination." Plaintiff was issued a "written warning" for allegedly violating a non-existent company policy.

Contemporaneous with these events, Plaintiff's mother became ill after which Plaintiff was "out of the branch for several months." In Plaintiff's absence, Burt hired somebody to replace Plaintiff. Upon Plaintiff's return to work, Burt "repeatedly threatened" to terminate Plaintiff's employment if she "continued to utilize FMLA leave." Burt also continued to search for reasons to terminate Plaintiff's employment. On or about July 9, 2018, Plaintiff received approval to take extended FMLA leave. On July 12, 2018, Plaintiff's employment was terminated for "voluntary lack of performance."

On or about March 25, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff alleged that she suffered retaliation as well as discrimination based upon her disability. On July 17, 2019, the EEOC dismissed Plaintiff's complaint. Because Plaintiff is proceeding pro se, the Court must interpret her complaint indulgently. So interpreted, Plaintiff's complaint appears to allege claims of wrongful termination, retaliation, and unlawful discrimination. Plaintiff's claims appear to implicate the FMLA, Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Act of 1964. Defendants now move to dismiss Plaintiff's complaint or, in the alternative, compel arbitration. Plaintiff has also moved for summary judgment.

## ANALYSIS

Pursuant to the Federal Arbitration Act (FAA), "an agreement in writing to submit to arbitration an existing controversy arising out of. . .a contract evidencing a transaction involving commerce. . .shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016).

The Court, however, cannot direct the parties to arbitrate a matter unless it "is satisfied that the parties agreed to arbitrate *that dispute.*" *Dental Associates, P.C. v. American Dental Partners of Michigan, LLC*, 520 Fed. Appx. 349, 351 (6th Cir., Mar. 28, 2013). Plaintiff's claims are subject to arbitration if two conditions exist: (1) there exists between the parties a valid agreement to arbitrate, and (2) Plaintiff's claims fall within the scope of the arbitration agreement. *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir., 2003).

On February 6, 2015, Plaintiff signed an offer of employment with Defendant JP Morgan. (ECF No. 12, PageID.135-47). The agreement Plaintiff signed contained a "Binding Arbitration Agreement." (*Id.*, PageID.143). This provision mandates that all "covered claims" "shall be submitted to and resolved by final and binding arbitration." (*Id.*). The term "covered claims" includes all "employment-related claims" that Plaintiff may have against "JP Morgan Chase or its officers, directors, shareholders, employees, or agents which arise out of or relate to [Plaintiff's] employment or separation from employment with JP Morgan Chase." (*Id.*). The term "covered claims" also explicitly includes claims asserted under Title VII, the ADA, and the FMLA. (*Id.*).

The Court finds that there does exist between the parties a valid and enforceable agreement to arbitrate. The Court also finds that the parties' arbitration agreement encompasses the claims Plaintiff has asserted in this matter. Furthermore, the claims Plaintiff has asserted are properly subject to arbitration. *See, e.g., Cooper v. MRM Investment Co.*, 367 F.3d 493, 499 (6th Cir., 2004) ("Title VII claims may be subjected to

binding arbitration"); *Morgan v. United Healthcare Services, Inc.*, 2013 WL 1828940 at *4 (S.D. Ohio, Apr. 30, 2013) ("FMLA claims[] may be validly subject to an arbitration agreement enforceable under the FAA"); *Williams v. Dearborn Motors 1, LLC*, 2018 WL 3870068 at *3-4 (E.D. Mich., Aug. 15, 2018) (ADA claims are properly subject to arbitration).

Plaintiff's arguments that arbitration is not appropriate in this instance are unpersuasive. When Plaintiff accepted employment with Defendant JP Morgan in March 2015, it was for the position of Personal Banker II. (ECF No. 12, PageID.139). Plaintiff argues that because her job title, as of the date of her termination, was "Licensed Relationship Banker," the arbitration agreement she executed is "unenforceable." (ECF No. 17). In support of this proposition, Plaintiff cites to what appear to be decisions by Canadian courts. (ECF No. 17, PageID.158; ECF No. 20, PageID.172-73). As Canadian law is not applicable in this matter, this argument is rejected.

Plaintiff also argues that the arbitration agreement is "unconscionable" because it was contained within a ten-page document. Plaintiff has identified no authority in support of this proposition. The Court finds that the inclusion, in an employment contract, of a clearly identified and reasonably straightforward arbitration agreement is not unconscionable. *See, e.g., Liparoto Const., Inc. v. General Shale Brick, Inc.*, 772 N.W.2d 801, 805 (Mich. Ct. App. 2009) (a contractual provision is unconscionable only where the inequity of such "is so extreme as to shock the conscience"). Plaintiff's

suggestion that she was not allowed to review the terms of her employment agreement before signing such is unsupported by any evidence and is, therefore, also rejected.

As noted above, the terms of the arbitration agreement to which the parties agreed are clear and unambiguous: Plaintiff's employment-related claims against Defendants, arising out of or relating to her employment or separation from employment with JP Morgan, must be submitted to arbitration. When evaluating contract language regarding arbitration, the Court must do so "in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006); *see also, Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 650 (6th Cir. 2005) ("[i]f a dispute is even arguably within the scope of arbitration clause, the dispute is arbitrable").

In sum, there exists a valid agreement between the parties to submit to arbitration the claims which Plaintiff has herein asserted. The present dispute must, therefore, be arbitrated pursuant to the terms of the parties' agreement. Accordingly, the present matter must be stayed to permit the parties to participate in arbitration. *See* 9 U.S.C. § 3 ("[i]f any suit or proceeding be brought in any courts of the United States upon any issue referable to arbitration. . .the court. . .shall on application of one of the parties stay the trial of the action until such arbitration has been had. . .").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss or to Compel Arbitration (ECF No. 12) be granted in part and denied in part. Specifically, to the extent Defendants seek to compel arbitration of Plaintiff's claims, the undersigned recommends that Defendants' motion be granted, but that Defendants' motion otherwise be denied without prejudice. The undersigned further recommends that Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied without prejudice. Finally, the undersigned recommends that this matter be stayed so that the parties may participate in arbitration as their agreement mandates.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 17, 2021              /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge