UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE J. CROWLEY,

       Plaintiff,

                                        CASE No. 1:20-cv-1131

v.

                                        HON. ROBERT J. JONKER

JP MORGAN CHASE & CO., et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 24) and Plaintiff's Objection to the Report and Recommendation (ECF No. 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends staying this action pending arbitration under the terms of Plaintiff's employment contract.  The Magistrate Judge reasons that there was a valid and enforceable agreement to arbitrate, and that the employment agreement encompasses the claims Plaintiff asserts in her complaint, which are properly subject to arbitration. On this basis, the Magistrate Judge recommends granting the defense motion in part and denying it in part, as well as denying Plaintiff's motion for summary judgment without prejudice.  The Report and Recommendation carefully, thoroughly, and accurately addresses these issues.  Plaintiff's objections to the Magistrate Judge's recommendation, which in the main cite inapposite principles of contract interpretation, are unavailing.[1] The Court agrees, on *de novo* review, with the

---

[1] One portion of Plaintiff's Objections warrants some further discussion.  Plaintiff appears to suggest that even if there is an agreement to arbitrate (as the Magistrate found) Defendants waived this provision when they failed to timely respond to the Complaint.  Plaintiff complains that she was not given an opportunity to apply for entry of default.  But even if default had been entered, it would have been set aside for all the reasons the defense brief discussed.  (ECF No. 7). Generally, courts set aside an entry of default for good cause.  FED. R. CIV. P. 55(c).  The factors a court is required to consider—culpability, meritorious defense (if any), and prejudice to plaintiff—are to be applied "leniently to relieve a party from a procedural entry of default to reflect the strong preference to trial on the merits in federal courts." *Marbly v. Dep't of Treasure*, 22 F. App'x 371, 372 (6th Cir. 2001).  Courts have also set aside defaults where the result is an order compelling arbitration. *See Grynberg v. BP P.L.C.*, 596 F. Supp. 2d 74 (D.D.C. 2009); *Warner v. Chase Bank, N.A.*, Case No. 08-11573, 2008 WL 5188825 (E.D. Mich. 2008).  With respect to a waiver argument, courts "Will not lightly infer a party's waiver of its right to arbitration." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010).  "However, a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" *Id.* (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 355 (6th Cir. 2003)).  Neither of these factors apply here.  Counsel for Defendants appeared in this case on January 15, 2021.  Less than a week later, Defendants moved for dismissal based on the arbitration provision.  (ECF No. 12). This is not completely inconsistent with a reliance on the arbitration agreement nor a delay resulting in prejudice to the plaintiff. *Cf. Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289

Magistrate Judge's recommendation for the very reasons the Report and Recommendation delineates.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 24) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED** to the extent Defendants seek to compel arbitration of Plaintiff's claims. The motion is **DENIED WITHOUT PREJUDICE** in all other respects.

**IT IS FURTHERED ORDERED** that further proceedings in this federal action are **STAYED** under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, pending resolution of arbitration.

**IT IS FURTHER ORDERED** that the parties shall provide the Court with a short, written status report of the arbitration proceedings every 90 days, and upon completion of the arbitration process. Failure to keep the Court apprised of the status of the case on this schedule may lead to dismissal of this action for lack of progress.

**IT IS FURTHER ORDERED** that the Clerk's Office shall administratively close this case subject to the participation of the parties in arbitration. Upon conclusion of arbitration, either party may move to reopen this case, if necessary, by filing a motion referring to this Order.

Dated:   March 30, 2021           /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

F.3d 434 (6th Cir 2002) (waiver found where defendant waived seventeen months after receiving actual notice of lawsuit and default judgment had entered).

3